UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-11629-AB-AYP | Date: | October 21, 2026 |
|---|---|---|---|

| Title: | *Crystal W Design LLC v. Leapfrog Product Development, LLC* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| | |
|---|---|
| Evelyn Chun<br>Deputy Clerk | N/A<br>Court Reporter |
| Attorney(s) Present for Plaintiff(s):<br>None Appearing | Attorney(s) Present for Defendant(s):<br>None Appearing |

**Proceedings: [In Chambers] ORDER TO PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR IMPROPER VENUE**

Plaintiff Crystal W Design LLC ("Plaintiff") alleges 3 claims for copyright infringement against Defendants Leapfrog Product Development, LLC, Target Corporation, Rebelstork U.S.A., Inc., and Does 1 through 10, inclusive (collectively, "Defendants"). Plaintiff alleges that venue is proper in this District "pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because each Defendant or its agent resides or may be found in this District, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District." Compl. ¶ 13.

Section 1391(b) is the general venue statute. Because Plaintiff alleges only claims for copyright infringement, venue in this case is instead governed by the copyright-specific venue statute § 1400(a). *See Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923) ("[t]he venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts," but rather by the specific copyright venue statute); s*ee also Goldberg v. Cameron*,

482 F.Supp.2d 1136, 1143 (N.D. Cal. 2007) (§ 1400(a) governs venue for copyright infringement suits (citing *Lumiere*)). Section 1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."

The Complaint includes no factual allegations establishing that "each Defendant or its agent resides or may be found" in this District. To the contrary, the allegations relating to Defendants' places of incorporation and citizenship identify Illinois, Minnesota, Delaware, and possibly North Carolina. *See* Compl. ¶¶ 6-8. Insofar as Plaintiff may contends that the place where a "substantial part" of the events giving rise to the claims may factor into the venue analysis, the Complaint's venue allegations similarly do not establish this. It is therefore unclear whether venue is proper in this district.

Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this action should not be dismissed for improper venue. *See* 28 U.S.C. § 1406(a) (court shall dismiss or transfer an action filed in the wrong venue); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (federal court may consider *sua sponte* the question of venue if it is not waived).

Plaintiff must respond to this OSC by filing a Response explaining why venue is proper based on the facts alleged, or suggest a proper transferee venue. Plaintiff must file a Response within 14 days of the issuance of this Order, or the case will be dismissed without prejudice for improper venue.

**SO ORDERED.**